UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWMAN DIVISION

Clarissa Cruz,

      Plaintiff,

v.

Equifax Information Services, LLC,

      Defendant.

Case No.:

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, Clarissa Cruz, by and through her counsel, and for her Complaint pleads as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

### VENUE

3. The transactions and occurrences which give rise to this action occurred in Newman, Georgia.

4. Venue is proper in the Northern District of Georgia.

### PARTIES

5. Plaintiff is a natural person residing in Newman, Georgia.

6. The Defendant to this lawsuit is:

   a. Equifax Information Services, LLC ("Equifax") is a domestic limited liability company that conducts business in the State of Georgia;

## GENERAL ALLEGATIONS

7. The tradelines ("Errant Tradelines") of Dept of Ed/Aidvantage opened September 2011, the highest balance was $2,000.00; September 2011, the highest balance was $560.00; September 2011, the highest balance was $1,750.00; and May 2011, are erroneously reporting as "consumer disputes after resolution" on Plaintiff's Equifax credit file.

8. Plaintiff no longer disputes the Errant Tradelines.

9. On or about October 12, 2023, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradelines reporting with the erroneous dispute notations.

10. On or about November 8, 2023, Plaintiff sent a letter to Equifax stating that she no longer disputes the Errant Tradelines and wants the dispute notations removed from the tradelines.

11. Equifax received Plaintiff's letter on November 24, 2023.

12. Equifax forwarded Plaintiff's letter to Det of Ed Aidvantage ("Furnisher").

13. The Furnisher received Plaintiff's letter from Equifax.

14. On or about February 2, 2024, after not having received investigation results from Equifax, Plaintiff obtained her Equifax credit disclosure, which showed

Dept of Ed Aidvanatge last reported the tradeline on December 13, 2023, and that Equifax and the Furnisher failed or refused to remove the erroneous dispute notations from the Errant Tradelines.

15. Defendant's failures to remove the erroneous dispute notations make the Errant Tradelines false and misleading to any user of Plaintiff's credit report. It also damages Plaintiff by preventing her from obtaining any mortgage loan or refinancing of the same, as conventional lenders will not grant a mortgage based on a credit report that has any tradeline reported as disputed.

16. As a direct and proximate cause of Defendant's negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff also has suffered stress, depression, frustration, and other forms of emotional distress resulting in physical damages including loss of sleep, inability to concentrate, headaches and loss of hair due to Defendant's failure to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of Defendant's violations of the FCRA.

**COUNT I**

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

19. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

20. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

21. After receiving Plaintiff's dispute of the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

22. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff suffered stress, depression, frustration, and other forms of emotional distress resulting in loss of sleep, inability to concentrate, headaches and loss of hair and other physical damages.

23. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT I1

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

26. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

27. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

28. After receiving Plaintiff's dispute of the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

29. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration, and other

forms of emotional distress resulting in loss of sleep, inability to concentrate, headaches and loss of hair due and other physical damages.

30. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: June 26, 2024

/s/ Gary Hansz
Gary Hansz
GA Bar No. 534669
Credit Repair Lawyers of America
27600 Farmington Rd., Ste. 108
Farmington Hills, MI 48334
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: gary.hansz@crlam.com
*Attorney for Plaintiff*
*Clarissa Cruz*